**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **ELISEO R. ROMERO** | § | |
| *Plaintiff* | § | |
| | § | |
| **VS.** | § | |
| | § | **CIVIL NO. 5:24-cv-869-FB** |
| | § | |
| **BARBARA ANN MCGRATH AND** | § | |
| **DHT LEASING, LLC** | § | |
| *Defendants* | § | |

**PLAINTIFFS' UNOPPOSED MOTION FOR LEAVE TO AMEND COMPLAINT**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Plaintiff, **ELISEO R. ROMERO** and files this Unopposed Motion to Amend Complaint, and in support would show the following:

**I.**

This case is not currently set for trial. The parties entered into an Agreed Scheduling Recommendation on September 9, 2024. Plaintiff's counsel would show the Court that Plaintiff seeks to amend their complaint to add a defendant, **DANNY HERMAN TRUCKING, INC.**, who is the correct employer of Defendant, BARBARA ANN MCGRATH. This amendment will not operate to surprise or prejudice Defendant and no new substantive matters have been raised. Further, Defendant's counsel is unopposed to this motion. Plaintiff's First Amended Complaint is attached hereto as Exhibit A.

**II.**

For the reasons set out above, Plaintiff respectfully requests that the Court allow Plaintiff to amend their complaint.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that the deadline to amend its pleadings be extended to allow Plaintiff to file its amended complaint.

Respectfully submitted,

1

**DAVIS LAW FIRM**
10500 Heritage Blvd. #102
San Antonio, Texas 78216
Telephone: (210) 444-4444
Fax: (210) 568-8419

By: _____
**DAVID L. TREAT, Of Counsel**
State Bar No. 20205300
davidt@davislaw.com
ATTORNEY FOR PLAINTIFF

## CERTIFICATE OF SERVICE

2

The undersigned certifies that a copy of the foregoing instrument was served upon the attorneys of record of all parties to the above cause as indicated below on this 3rd day of March , 2025.

**<u>Via electronic filing</u>**
Mark A. Cooper
**NAMAN HOWELL SMITH & LEE, PLLC**
10001 Reunion Place, Suite 600
San Antonio, Texas 78216
Telephone No.: 210-731-6352
Facsimile No.:  210-785-2934
mcooper@namanhowell.com

*Attorneys for Defendant*
*DHT LEASING, LLC*

**DAVID L. TREAT**

# Exhibit A

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| ELISEO R. ROMERO | § | |
| *Plaintiff* | § | |
| | § | |
| VS. | § | |
| | § | CIVIL NO. 5:24-cv-869-FB |
| BARBARA ANN MCGRATH AND | § | |
| DHT LEASING, LLC | § | |
| *Defendants* | § | |

<u>**PLAINTIFF'S FIRST AMENDED PETITION**</u>

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff, Eliseo R Romero ("Romero") files this his First Amended Petition complaining of Defendants Barbara Ann McGrath ("McGrath"), DHT Leasing, LLC ("DHT") and Danny Herman Trucking, Inc. ("Herman") and for cause of action would respectfully show unto the Court as follows:

**I.**
**PARTIES**

Plaintiff resides in Bexar County, Texas.

Defendant McGrath is an individual residing in Missouri. Service of process is not requested at this time.

Defendant, DHT, is a corporation with its principal place of business located at 339 Cold Springs Rd. Mountain City, TN 37683. Service of process is not requested at this time.

Defendant Herman, is a domestic corporation, doing business in the State of Texas and may be served with process through their registered agent, CORPORATION SERVICE COMPANY D/B/A CSC-LAWYERS INCORPORATED located at 211 E. 7th Street, Suite 620, Austin, Texas 7870, or wherever they may be found.

Pursuant to Texas Rules Civil Procedure, Rule 190, Plaintiffs seek a discovery control plan under Level 3.

## II.
## JURISDICTION AND VENUE

Venue is proper in Bexar County, Texas in that all or a substantial part of the events or omissions giving rise to this cause of action occurred within Bexar County, Texas.

The Court has personal jurisdiction over the parties.

## III.
## MISNOMER, ALTER-EGO, ASSUMED NAME

In the event any parties are misnamed or not included herein, it is Plaintiff's contention that such was a "misnomer" and/or such parties are/were "alter egos" of parties named herein.

## IV.
## FACTS

Plaintiff brings this lawsuit to recover damages arising out of an automobile/commercial motor vehicle collision which occurred on or about August 17, 2023. On this date, the Plaintiff was operating his vehicle in a lawful manner when he was struck by a commercial motor vehicle driven by Defendant McGrath while she was operating the commercial motor vehicle in the course and scope of her employment with Defendant DHT and/or Herman. Specifically, Plaintiff was eastbound on Highway 90 Access Rd when McGrath pulled out of a private driveway and obstructed the right-of-way on the access road. Plaintiff was unable to avoid colliding with the tractor-trailer combination driven by McGrath.

At all times relevant to this suit McGrath was working in the course and scope of her employment with Defendant, DHT and/or Herman. Accordingly, Plaintiff alleges that

6

Defendant, DHT and/or Herman, is vicariously liable for all acts and/or omissions of Defendant McGrath.

## V.
## DAMAGES

As a direct and proximate result of the collision and the negligent conduct of Defendants, Plaintiff suffered bodily injuries.  As a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiff was caused to incur the following damages:

1.    Reasonable medical care and expenses in the past;

2.    Reasonable and necessary medical care and expenses, which will, in all reasonable probability, be incurred in the future;

3.    Physical pain and suffering in the past;

4.    Physical pain and suffering, which will, in all reasonable probability, be suffered in the future;

5.    Physical impairment in the past;

6.    Physical impairment, which will, in all reasonable probability, be suffered in the future;

7.    Lost wages in the past;

8.    Loss of earning capacity, which will, in all reasonable probability be incurred in the future;

9.    Mental anguish in the past;

10.    Mental anguish which will, in all reasonable probability be suffered in the future;

11.    Disfigurement;

12.    Loss of household services.

## VI.

**NEGLIGENCE OF DEFENDANT MCGRATH**

Plaintiffs would show that on the subject occasion, McGrath was guilty of the following acts and omissions, which constitute negligence and were a proximate cause of injuries and damages to the Plaintiff:

a.    Failing to maintain a proper lookout;

b.    Obstructing the right-of-way;

c.    In operating the vehicle in a careless and unsafe manner;

d.     Failing to use the reasonable care that a professional driver of
commercial vehicles would use when he failed to maintain proper attention
while operating the truck on a public roadway;

Defendant McGrath operated the truck in an unsafe manner and her negligent acts and/or omissions were the direct and proximate cause of the collision as were the various negligent actions and/or omissions of Defendant, DHT and/or Herman, as described below.

Each of these acts and/or omissions, whether taken singularly or in any combination constitutes negligence, negligence per se, which proximately caused the collision and injuries and other losses to the Plaintiff, all of which Plaintiff suffered and will continue to suffer in the future. Plaintiff has suffered damages in an amount within the jurisdictional limits of this Court. Plaintiff specifically alleges he seeks to recover no more than $74,999.99.

**VII.**
**NEGLIGENCE OF DEFENDANT DHT**

At the time of the occurrence of the act in question Defendant, McGrath, was driving a truck owned by Defendant DHT.  DHT is responsible for damages for the following acts:

a.  At the time of the occurrence of the act in question Defendant McGrath was engaged in the furtherance of Defendant, DHT's business and/or was in the course and scope of his employment with it.

b.  Plaintiff invokes the doctrine of *respondeat superior* against Defendant DHT.

c.  Defendant is liable under the doctrine of *respondeat superior* in that Defendant, McGrath was operating a vehicle in the course and scope of his employment with Defendant DHT.

As described herein, Defendant DHT, was negligent on the occasion in question and such negligence was the proximate cause of Plaintiff's injuries and damages.  Each of these acts and/or omissions whether taken singularly or in any combination constitute negligence and negligence per se, and which proximately caused the collision and injuries and other losses to Plaintiff.

## VIII.
## NEGLIGENCE OF DEFENDANT HERMAN

At the time of the occurrence of the act in question Defendant, McGrath, was driving a truck owned by Defendant Herman.  Herman is responsible for damages for the following acts

a.  At the time of the occurrence of the act in question Defendant McGrath was engaged in the furtherance of Defendant, Herman's business and/or was in the course and        scope    of his employment with it.

b.  Plaintiff invokes the doctrine of *respondeat superior* against Defendant Herman.

c.  Defendant is liable under the doctrine of *respondeat superior* in that Defendant, McGrath was operating a vehicle in the course and scope of his employment with Defendant Herman.

As described herein, Defendant Herman, was negligent on the occasion in question and such negligence was the proximate cause of Plaintiff's injuries and damages. Each of these acts and/or omissions whether taken singularly or in any combination constitute negligence and negligence per se, and which proximately caused the collision and injuries and other losses to Plaintiff.

## IX.
## PRE-JUDGMENT INTEREST

By reason of all of the above, Plaintiff has been damaged in an amount within the jurisdictional limits of the Court. Accordingly, Plaintiff would show the Court that she is entitled to pre-judgment interest under the Laws of the State of Texas.

## X.
## JURY DEMAND

Plaintiff demands a jury trial and tenders the fee with the filing of this petition.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that upon final hearing of this cause, she have and recover judgment against the Defendants, for the following:

a.    Actual damages in an amount not to exceed $74,999.

b.    Pre-judgment interest at the legal rate and post-judgment interest at the legal rate until the judgment is paid in full;

c.    For all costs of Court; and

d.    For such other and further relief to which Plaintiffs are justly entitled, at law and in equity.

Respectfully submitted,

DAVIS LAW FIRM
10500 Heritage Blvd. #102
San Antonio, Texas 78216
Telephone: (210) 444-4444
Facsimile: (210) 568-8419

By: _____

David L. Treat (Of Counsel)
State Bar No. 20205300
ATTORNEY FOR PLAINTIFF
e-mail: davidt@davislaw.com